UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HASSIE HOWELL, ET AL.**                         CIVIL ACTION

**VERSUS**                                         No. 06-9519

**MARTIN INSURANCE AGENCY, INC., ET AL.**        SECTION: I/1

ORDER AND REASONS

The matter before the Court is a motion to remand, filed on behalf of plaintiffs, Hassie and Maria Howell. Defendants in this matter are The Automobile Insurance Company of Hartford, Connecticut, One of the Travelers Property Casualty Co. ("Travelers") and Martin Insurance Agency, Inc. ("Martin").[1]

This Court has issued extensive opinions on the full range of legal issues regarding motions to remand in Hurricane Katrina insurance litigation. *See, e.g.*, *Bourgeois v. State Farm Fire & Cas. Co.*, No. 06-8037, 2006 WL 3344736 (E.D. La. Nov. 16, 2006); *Rizzuto v. Tully*, No. 06-6883, 2006 WL 3332832 (E.D. La. Nov. 14, 2006); *Jackson v. State Fire & Cas. Ins. Co.*, No. 06-4467, 2006 WL 3332835 (E.D. La. Nov. 9, 2006); *Yount v. Lafayette Ins. Co.*, No. 06-7382, 2006 WL 3240790 (E.D. La. Nov. 7, 2006); *Trosclair v. Security Plan Life Ins. Co.*, No. 06-9220, 2006 U.S. Dist. LEXIS 84100 (E.D. La. Nov. 6, 2006); *Richmond v. Chubb Group of*

---

[1] Plaintiffs' complaint also names the fictitious entity ABC Insurance Co. Rec. Doc. No. 1-2, p. 1.

*Ins. Cos.*, No. 06-3973, 2006 WL 2710566 (E.D. La. Sept. 20, 2006); *Best v. Independent Ins. Assocs. Inc.*, No. 06-1130, 2006 WL 2710445 (E.D. La. Sept. 19, 2006); *Nash v. Harry Kelleher & Co.*, No. 06-1083, 2006 WL 2644960 (E.D. La. Sept. 14, 2006); *Smith Lupo Williams Partners v. Carter*, No. 06-2808, 2006 WL 2548255 (E.D. La. Aug. 31, 2006).

After fully considering the law, the facts, and the arguments of all parties, the Court finds that the above cited decisions, when applied to the facts of this case, dictate a remand.[2]  The Court is inundated with motions to remand in cases such as this one, and it is neither in the interest of justice nor judicial economy to issue an extensive, yet repetitive,

---

[2] The Court notes that, on the facts of this case, defendants have failed to establish improper joinder by proving that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  This Court has previously addressed the substantive legal arguments raised here.  See *Richmond*, 2006 WL 2710566.

As in *Richmond*, the date from which the peremptive periods under La. R.S. 9:5606 must run is a contested issue of substantive fact.  *Id.* at *5.  Since this Court must resolve substantive issues of contested fact in plaintiffs' favor, *id.* at *3, defendants cannot satisfy their burden under *Smallwood*.

Additionally, considering the Louisiana case law reviewed in *Richmond*, defendants have failed to establish that there is no reasonable basis to predict that plaintiffs might be able to recover against Martin.  See *id.* at *6.  In *Richmond*, this Court noted that Louisiana courts have held that an insurance agent's "fiduciary duty includes advising his client with regards to recommended coverage."  *Id.* (quoting *Durham v. McFarland*, 527 So. 2d 403, 405 (La. Ct. App. 4th Cir. 1988)).  Here, plaintiffs allege that they relied on their agent's recommendation and expertise and that Martin breached its fiduciary duty to them by failing to advise them of the availability of excess flood insurance.  See Rec. Doc. No. 1-2, pp. 2, 4.  While the Court cannot conclude based on these general allegations that plaintiffs will succeed in their claims against Martin, defendants have failed to meet their burden under *Smallwood*.

Finally, this Court's analysis of the *Tapscott* improper joinder argument in *Richmond* is equally applicable here.  *Id.*  Defendants have failed to prove improper joinder on that basis and the Court, therefore, lacks jurisdiction over this matter.

opinion.  The Court, therefore, incorporates the applicable legal standards and analysis from its prior opinions as though fully written herein.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that the motion to remand[3] filed on behalf of plaintiffs is **GRANTED** and the case is **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard.

**IT IS FURTHER ORDERED** that the motion to dismiss[4] filed on behalf of defendant Martin Insurance Agency, Inc., is **DISMISSED AS MOOT.**

New Orleans, Louisiana, January  25th , 2007.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[3]Rec. Doc. No. 8.

[4]Rec. Doc. No. 5.